UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KENT W. GAIN, SR.,

    Plaintiff,

v.

Case No: 8:20-cv-680-KKM-JSS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## **ORDER**

Plaintiff's attorneys, Sarah H. Bohr and Marjorie A. Schmoyer (Petitioners), petition the court to authorize attorneys' fees pursuant to 42 U.S.C. § 406(b) through their Unopposed Petition for Attorney Fees. (Petition, Dkt. 30.) Petitioners seek attorneys' fees in the amount of $33,273.04. (*Id.*) The court held a hearing on the Petition on August 30, 2022. (Dkt. 34.) For the reasons that follow, the Petition is **GRANTED**.

### BACKGROUND

On March 24, 2020, Plaintiff filed this action seeking review of the Commissioner's decision denying Plaintiff disability benefits. (Dkt. 1.) On March 1, 2021, the court granted the Commissioner's Unopposed Motion for Entry of Judgment with Remand and remanded the case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings. (Dkt. 25.) Plaintiff's

attorneys were awarded fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). (Dkts. 27, 28, 29.) On remand, the Commissioner issued a fully favorable decision. (Dkt. 30 at 2.) From Plaintiff's award of past-due benefits, the Social Security Administration withheld $39,820.50 or 25 percent, for the payment of Plaintiff's legal fees. (*Id.*; Dkt. 30-2 at 2.)

With the Petition, Petitioners seek a contingency fee pursuant to 42 U.S.C. § 406(b) and their Representation Agreement with Plaintiff. (Dkts. 30, 30-1.) Petitioners seek a total fee of $33,273.04,[1] which, when factoring in counsel's previously received EAJA fees, is equal to 25 percent of Plaintiff's past-due benefits. (*Id.* at 3.) The Commissioner does not oppose the Petition. (*Id.* at 5–6.)

## APPLICABLE STANDARDS

"Whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b). Section 406(b) "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court," but instead "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in

---

[1] The Petition misstates the amount of EAJA fees awarded by the court by one cent. *Compare* (Dkt. 30 at 2 (stating EAJA fees of $6,547.46)) *with* (Dkt. 29 (awarding EAJA fees of $6,547.47).) As such, the court grants an award of attorneys' fees adjusted to reflect the correct amount of EAJA fees that were previously awarded.

particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). The single "boundary line" to which courts must adhere is that "[a]greements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." *Id.* For fees sought within the "25 percent boundary," a movant must show "that the fee sought is reasonable for the services rendered." *Id.*

## ANALYSIS

Initially, the court notes that the Petition is untimely pursuant to the court's Standing Order on Management of Social Security Cases. *See In re: Administrative Orders of the Chief Judge*, No. 3:21-mc1-TJC (Dec. 7, 2021), ECF No. 43 (requiring that "a plaintiff's lawyer requesting an attorney's fee under 42 U.S.C. § 406(b) . . . must move for the fee within sixty days of the date on the agency's letter stating the amount of past-due benefits"). Here, the agency's letter stating the amount of past-due benefits is dated February 7, 2022 (Dkt. 30-2), and the Petition was not filed until July 20, 2022 (Dkt. 30). However, equitable tolling of a deadline may be applied where the party seeking its application could not meet the deadline because of circumstances outside of the party's control. *Miller v. Berryhill*, No. 8:17-cv-1470, 2019 WL 1586733, at *1 (M.D. Fla. Apr. 12, 2019) (citing *In re Withrow*, 570 B.R. 452, 458 (Bankr. N.D. Ga. 2017)). Petitioners represent, and confirmed at the hearing, that they first learned of the agency's letter in a fax from the Social Security Administration on June 28, 2022, and the Petition was filed promptly thereafter. *See* (Dkt. 30 at 3.) Counsel for the Commissioner also confirmed at the hearing that notice of the agency's letter was first

sent to Petitioners on June 28, 2022, and asked that in the interests of justice, equitable tolling be applied. The court therefore finds that equitable tolling of the Standing Order's deadline should be applied because Petitioners could not have met the deadline for filing the Petition due to circumstances outside of their control, namely that they had not yet received the agency's letter. *See, e.g.*, *Hawkins v. Comm'r of Soc. Sec.*, No. 5:20-cv-125-PDB, 2022 WL 2293880, at *2 (M.D. Fla. Apr. 25, 2022) (applying equitable tolling to motion for attorney's fees under previous standing order); *Schrank v. Acting Comm'r of Soc. Sec.*, No. 5:19-cv-618-PDB, 2022 WL 479817, at *1 (M.D. Fla. Feb. 16, 2022) (applying equitable tolling where Acting Commissioner raised no issues of timeliness).

With the Petition, Petitioners seek a total contingency fee award of $33,273.04 for their time spent on this matter. (Dkt. 30.) Petitioners argue that they spent a total of 31.5 compensable hours in representing Plaintiff before the court, including by filing the complaint (Dkt. 1), an initial brief (Dkt. 21), and a consent petition for attorneys' fees under EAJA (Dkt. 27). (*Id.* at 3.) Petitioners further argue that the requested amount should be approved because they undertook a substantial risk of loss in agreeing to the contingent representation and achieved successful results for their client, Plaintiff agreed to a contingency fee of 25 percent of any past-due benefits awarded, the Commissioner does not object to the requested amount, and the total fee award is reasonable. (*Id.* at 3–5.)

In assessing the reasonableness of a total fee, courts consider whether the retainer agreement contains a fee agreement and whether the sum requested is less

than or equal to 25 percent of the awarded retroactive benefits. *See Vilkas v. Comm'r of Soc. Sec.*, No. 2:03-cv-687-FTM-29DNF, 2007 WL 1498115, at *1 (M.D. Fla. May 14, 2007) (citing *Gisbrecht*, 535 U.S. at 807–08 and awarding the requested contingency fee under Section 406(b) because the plaintiff agreed to pay his counsel 25 percent of any awarded retroactive benefits under the retainer agreement and the sum requested was less than 25 percent of the awarded retroactive benefits). Plaintiff agreed to pay his counsel 25 percent of the amount of past-due benefits (Dkt. 30-1), and the requested fee does not exceed 25 percent of Plaintiff's past-due benefits. *(*Dkt. 30 at 5.)

In determining attorneys' fee requests, courts also consider "the character of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808. Petitioners' representation of Plaintiff in his appeal resulted in the court remanding the unfavorable decision. (Dkt. 25.) On remand, the appeal resulted in a fully favorable decision and an award of retroactive disability benefits. (Dkt. 30.) The Petition was also promptly filed after Petitioners received notice of the benefits award. (*Id.* at 3.) Thus, the favorable results achieved for Plaintiff and Petitioners' promptness in filing the Petition support the reasonableness of the requested fee. *Gisbrecht*, 535 U.S. at 808 (reasoning that a reduction in the requested fees is warranted if an attorney is "responsible for delay . . . so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court").

Finally, "[i]f the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is [ ] in order." *Id.* (explaining that a time itemization and a statement of the attorney's normal hourly billing rate is helpful to

aid the court's reasonableness assessment, while describing the court's wide discretion in this assessment because "[j]udges of our district courts are accustomed to making reasonableness determinations in a wide variety of contexts, and their assessments in such matters, in the event of an appeal, ordinarily qualify for highly respectful review"). After a careful evaluation of the matter, the undersigned finds that the sought-after fee award is reasonable given the circumstances of this case. The contingent fee agreement, which provides for a fee of 25 percent, is within the bounds of Section 406(b). In addition, the Commissioner does not oppose the requested fee. (Dkt. 30 at 5–6.) Moreover, Petitioners obtained favorable results for their client through their efforts, and a review of this action does not indicate that they have been responsible for any substantial delay. *See, e.g.*, *Couture v. Acting Comm'r of Soc. Sec.*, No. 8:16-cv-2428-CPT, 2021 WL 3665854, at *4 (M.D. Fla. Aug. 18, 2021) (approving petition for attorneys' fees where Commissioner moved for remand after Plaintiff's brief raised single procedural issue).

    The court recognizes the substantial size of the fee award as measured against the time counsel spent on the matter. Petitioners seek an award amounting to an hourly rate of approximately $1,264.14 ($39,820 total attorneys' fee award divided by 31.5 hours worked). However, this factor alone does not provide a sufficient basis for reducing the requested fee figure. *Gossett v. Soc. Sec. Admin., Comm'r*, 812 F. App'x 847, 850–51 (11th Cir. 2020). This is especially true given the ample authority in this District approving similar fee rates in other Social Security cases. *See, e.g., Couture*, 2021 WL 3665854, at *4 (approving de facto hourly rate of approximately $1,390);

*Beira v. Comm'r of Soc. Sec.*, No. 6:12-cv-147-Orl-18DCI, 2021 WL 275905, at *3 (M.D. Fla. Jan. 4, 2021) (approving Section 406(b) fee that amounted to a de facto hourly rate of approximately $2,620), *report and recommendation adopted*, 2021 WL 268643 (M.D. Fla. Jan. 27, 2021); *Amador v. Acting Comm'r of Soc. Sec.*, No. 8:16-cv-3271-T-MCR, 2019 WL 2269826, at *2–3 (M.D. Fla. May 28, 2019) (approving de facto hourly rate of approximately $1,300 after reimbursement of the EAJA fee, and collecting cases); *Peterson v. Comm'r of Soc. Sec.*, No. 6:16-cv-948-Orl-40GJK, 2018 WL 3650034, at *2 (M.D. Fla. June 19, 2018) (approving a de facto hourly rate of approximately $2,000); *Gorgoglione v. Comm'r of Soc. Sec.*, No. 8:13-cv-953-T-33TBS, 2015 WL 2094909, at *3–4, n.3 (M.D. Fla. May 5, 2015) (approving de facto hourly rate of approximately $1,150); *see also Taggart v. Comm'r of Soc. Sec.*, No. 9:18-cv-80757, 2021 WL 86809, at *2 (S.D. Fla. Jan. 11, 2021) (approving hourly rate of $1,630.50).

Therefore, having considered the guidance set forth in *Gisbrecht*, along with the amount of time counsel devoted to this case, the services performed, the result achieved, the contingency fee agreement, and the unopposed nature of the Petition, the undersigned finds that it is reasonable for Petitioners to receive $33,273.03 under Section 406(b) in this action.

Accordingly, it is **ORDERED** that:

1. Plaintiff's Unopposed Petition for Attorney Fees (Dkt. 30) is **GRANTED**.

- 8 -

2. The court approves the attorneys' fees requested by counsel as reasonable and Plaintiff's counsel, Sarah H. Bohr and Marjorie A. Schmoyer, are awarded a total fee of $33,273.03.

3. The Commissioner is directed to pay Plaintiff's counsel the amount of $33,273.03.

4. The clerk is directed to enter judgment accordingly.

**ORDERED** in Tampa, Florida, on August 31, 2022.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record